## BOND v SPROW et

Ohio Appeals, 6th Dist, Erie Co

No 388. Decided Dec 27, 1932

George C. Steinemann, Sandusky, Young & Young, Norwalk, and Krueger, Rosino & Moore, Sandusky, for plaintiff.

King, Ramsey. & Flynn, Sandusky, and W. L. Feisinger, Sandusky, for defendants.

WILLIAMS, J.

We think this case is determined by certain well recognized principles of equity jurisprudence. An application for specific performance is addressed to the sound discretion of the court and depends upon the peculiar facts and equitable considerations of each case. If the contract is unfair, harsh and inequitable in its consequences, the court in the exercise of its discretion will refuse to decree specific performance.

Tiffin v Shawhan, 43 Oh St, 178;

Pierce, Assignee v Stewart, 61 Oh St, 422, 425;

Hughes v Roth, 18 C.C., 804;

25 R.C.L., pp. 221, 223, §§20 and 21.

The transactions involving the sale of three lots took place in February, 1926, during the progress of what is commonly known now as the Florida land boom. The allotment, according to the pictures offered in evidence, was not built up to any extent, but the streets had been paved, walks laid, palm trees planted and it was otherwise. adorned by street lights, hydrants and a few spindling shade trees. The deal was put over by a high-powered salesman of Bellcair Estates, Inc., who talked of constructing a Pompeian pool and of other frills, and so played upon the imagination of the defendants as to bring about the executory contract for the sale of lots in an undeveloped subdivision at a fancy price which bore no substantial relation to the real value. The transaction was accompanied by sales talk of the salesman, which naturally led the prospective purchasers to believe they should hurry up for prices were going up and if they did not get aboard they would miss the boat. Shortly after, the boom broke and prices collapsed.

It is apparent to this court that the contract of sale was unfair, unreasonable, unconscionable and unjust in its provisions at the time it was entered into and under the then circumstances, and this court, as a court of equity, will not decree specific performance, for the contract was obtained under circumstances of hardship and is a hard contract itself and destitute of fairness. This court will leave the parties where it finds them. The decree of specific performance will be refused and the petition dismissed.

Decree accordingly.

LLOYD and RICHARDS, JJ, concur.